# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:13-CR-149-KJD-CWH |
| v. | **ORDER** |
| DERRICK YOUNG, *et al*., | |
| Defendants. | |

Before the Court is Defendant Derrick Young's Emergency Motion Requesting A Status Conference Regarding Mr. Young's Fifth Amendment Rights and the Government's Breach of the Plea Agreement (#73). The Government responded (#77) and Defendant replied (#81). Defendant Rodriguez Madden joined both the original motion (#75) and the reply (#82).

Defendants make three broad claims, the Court will address each in turn. Each claim revolves around whether the Government can permissibly compel Defendants' testimony in the upcoming trial against co-defendant Thomas Lewis under 18 U.S.C. §§ 6002, 6003.

I. Applicable Law

Under § 6003, the Court "shall issue" an order compelling testimony upon the proper request of a United States attorney. However, as clarified in § 6002, "no testimony or other information

compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury . . . ."

"The Supreme Court has repeatedly explained that 18 U.S.C. § 6002 is grounded in the Fifth Amendment privilege against compelled self-incrimination and is intended to be as broad as, but no broader than, the privilege against self–incrimination." United States v. Thomas, 612 F.3d 1107, 1127 (9th Cir. 2010) (internal quotation omitted). Thus, no action can permissibly be taken against a defendant compelled to testify based on that compelled testimony. Id. However, it is clear that testifying in an untruthful and misleading manner is not compelled testimony. Id. Further, "[a] grant of immunity relates to the past, not to future conduct, and the obstruction of justice must have occurred after immunity had been granted. The exceptions in § 6002 are broad enough to permit the use of immunized testimony against one who has allegedly committed perjury *or otherwise subverted the functioning of a tribunal.*" Id. at 1128 (internal alterations omitted, emphasis in original).

II. Analysis

    A. Fifth Amendment Rights

Defendants argue that the Fifth Amendment protection against self-incrimination prevents the Government from compelling Defendants testimony at the trial of their co-defendant because any grant of immunity is insufficient. Defendants' argument is bifurcated. Defendants first argue that they will be significantly penalized for their testimony if the Government believes it to be false. Defendants' second argument is that even if Defendants' testimony is truthful, it may be used against them as admissions for the purpose of sentencing enhancements.[1]

---

[1] Defendants rely heavily on Mitchell v. United States. 526 U.S. 314 (1999). However, this case is pertinent only in that it affirms that "a defendant who awaits sentencing after having pleaded guilty may assert the privilege against self-incrimination if called as a witness in the trial of a codefendant, in part because of the danger of responding to questions that might have an adverse impact on his sentence or on his prosecution for other crimes." Id. at 327. Mitchell has nothing to say about 18 U.S.C. § 6002 which nullifies the privilege against self-incrimination through immunity.

2

1   As to the first theory, the Court begins by noting that it is speculative and therefore not ripe
2   for adjudication at this time. However, to be clear, while statute protects Defendants from use of their
3   factual testimony against them, no protections exist against the consequences of perjured testimony.
4   Such use is fully independent of the facts testified to, and is supported in the law as cited above.[2]
5   Lastly, § 6002 cannot provide any protection against perjury because the Fifth Amendment, with
6   which § 6002 is co-extensive, does not protect perjury. Thomas, 612 F.3d at 1127.

7   As to the second theory, the statute is clear. No testimony or other evidence stemming from
8   that testimony "may be used against the witness." It may not be used by any person or entity against
9   the Defendants in any criminal case. Accordingly, no sentencing enhancements or other detrimental
10  action may be taken as a result of the factual content of the testimony.

11  B. Breach of the Plea Agreement

12  Defendant argues first that the plea agreement provides that the Government will not seek to
13  apply any other enhancements, reductions, etc., and that compelling Defendants' testimony will
14  likely result in a factual basis to do precisely that. First, this argument is premature, as no breach has
15  occurred. Secondly, as articulated above, such use of the facts is impermissible. Accordingly,
16  Defendants' argument on this ground lacks merit.

17  Defendant also argues that the Government may seek enhancements for obstruction etc.
18  Again, such claims are not ripe for adjudication as they are purely speculative at this point.

19  Lastly, Defendants' argument that they failed to appreciate the potential ramifications of
20  perjury lacks merit. Defendants' accepted the plea knowingly.

21  ///
22  ///

---

[2] However, by way of example, in United States v. Martinez-Navarro, the court properly considered perjury in determining the length of a sentence, despite the testimony being immunized under 18 U.S.C. § 6002. 604 F.2d 1184, 1186 (9th Cir. 1979). The Court further finds the Ninth Circuit's reasoning persuasive in United States v. Sandoval. There, the court held that where only perjury and not incriminatory facts were used to increase a defendant's sentence, there was no violation of 18 U.S.C. § 6002. 465 F. App'x 653, 655 (9th Cir. 2012) cert. denied, 133 S. Ct. 107 (U.S. 2012).

3

C. Due Process

Defendants make no new arguments here: the facts testified to under the immunity at issue here cannot be used in any manner against Defendants; neither 18 U.S.C. § 6002 nor the Fifth Amendment protect perjured testimony. Defendants conclude by stating that the Government "hangs a noose" over Defendants' heads instead of sealing the record and providing cooperation benefits as would "normally" occur. While this is not an argument, Defendants plea would be more moving if indeed they were cooperating. However, they are not. Accordingly, the Government is in no way required to provide the same protections and benefits as it would for those who choose to cooperate.

III. Conclusion

Accordingly, and for the above reasons, Defendants' Motion (#73) is **HEREBY DENIED**.

DATED this 25th day of March 2014.

_____
Kent J. Dawson
United States District Judge