UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>   v.<br><br>DERRICK YOUNG,<br><br>  Defendant. | Case No. 2:13-cr-00149-KJD-CWH<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

Before the Court is Defendant's *pro se* Motion for Compassionate Release/Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (#192). The government responded in opposition (#195) and Defendant did not reply. The Federal Public Defender did not supplement Defendant's motion.

I.      Factual and Procedural Background

In May 2013, Defendant Derrick Young ("Young"), along with two co-defendants, was charged in a three-count superseding indictment. (#195, at 1). He was charged with conspiracy to commit armed bank robbery, armed bank robbery, and brandishing a weapon in furtherance of a crime of violence. Id. The charges stemmed from a bank robbery that occurred on April 13, 2013. Id. at 2. Young entered the bank with his co-defendant; each of them wearing masks and each of them armed with a handgun. Id. The men fled the scene after stealing over $16,000 in cash. Id. The two men were eventually apprehended with another co-conspirator and charged with the crimes. Id. Young later pleaded guilty to armed bank robbery and brandishing a weapon in furtherance of a crime of violence. Id. The Court sentenced Young to 37 months in prison followed by five years of supervised release. (192-1, at 4). Young is housed at FCI Victorville. Id. at 1. Young filed a request for administrative remedy to the warden on June 5, 2020. Id. He then filed this motion for compassionate release on July 28, 2020. (#192).

II.     Legal Standard

The district court that imposed sentence on a criminal defendant has authority to modify the term of imprisonment under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). That statute provides, in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that […]extraordinary and compelling reasons warrant such a reduction […] and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. §§ 3582(c)(1)(A), 3582(c)(1)(A)(i).

If the defendant has exhausted administrative remedies, the analysis is twofold. First, the Court must consider the same factors applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable at the time the motion is brought. 18 U.S.C. § 3582(c)(1)(A). Second, the Court must find "extraordinary and compelling reasons" to release a defendant from Bureau of Prisons ("BOP") custody in a policy statement. Id.

III.    Analysis

The Court construes a *pro se* motion liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . ."). However, the Court "lacks the power to act as a party's lawyer, even for *pro se* litigants." Bias v. Moynihan, 508 F.3d 1212, 1219 (9th Cir. 2007). Even construing the motion liberally, Young has not shown that extraordinary and compelling reasons exist to warrant his release.

Young claims he is "particularly vulnerable as this infectious disease spreads throughout BOP institutions." (#192, at 5). However, Young does not state in his motion what underlying medical conditions he has that put him at additional risk. His release plan attached to his motion

indicates he has hypertension, congestive heart failure, and bipolar disorder. (192-1, at 3). His request for administrative relief states he has kidney disease, high blood pressure, anxiety, heart problems, and bipolar disorder. Id. at 1. The Centers for Disease Control and Prevention ("CDC") does not indicate that these conditions put Young at increased risk. Heart disease could put someone at additional risk, but there are no medical records to verify the claim. Chronic kidney disease would also put Young at additional risk, however there is no record that Young suffers from kidney disease. When asked about his health during his presentence investigation, the most recent medical record the Court has available, Young stated that his brother had kidney disease and he would be willing to be a donor. (#195, at 8). There is no evidence that Young suffers from an underlying condition that would put him at increased risk of severe reaction to COVID-19. Many of the conditions Young lists are not on the CDC's list of conditions that place a person at increased risk. See PEOPLE WITH CERTAIN MEDICAL CONDITIONS, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html# (las visited Jan. 26, 2021) (explaining which preexisting conditions place individuals at additional risk of COVID-19).

Because Young has not met his burden to demonstrate extraordinary and compelling reasons that warrant his release, his motion is denied.

IV.   Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Compassionate Release (#192) is **DENIED**.

Dated this 26th day of January, 2021.

Kent J. Dawson
United States District Judge